UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 07-122-GWU

DELILIAH K. WHISMAN,                                          PLAINTIFF,

VS.                          **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                   DEFENDANT.

**INTRODUCTION**

Currently pending before the court are motions for attorney's fees under the Equal Access to Justice Act (EAJA) and 42 U.S.C. § 406(b). The defendant has objected to certain portions of both motions.

**APPLICABLE LAW**

In general, 42 U.S.C. § 406(b) provides for award of attorney's fees in judicial proceedings where the outcome is favorable to the claimant. The statute states that "the court may determine and allow as part of its judgment a reasonable fee . . . not in excess of 25 percent of the total of the past due benefits to which the claimant is entitled by reason of such judgment . . . ." 42 U.S.C. § 406(b).

In addition, the Equal Access to Justice Act provides that counsel to a party prevailing against the United States in a court action may be awarded fees payable by the United States if the government's position in the litigation was not

1

07-122 Deliliah K. Whisman

"substantially justified." Gisbrecht v. Barnhart, 535 U.S. 789, 706 (2002), citing 28 U.S.C. § 2412(d)(1)(A). Fee awards can be granted under both acts, but the claimant's attorney "must refund to the claimant the amount of the smaller fee." Id., citing act of August. 5, 1985, Pub. L. 99-80, § 3, 99 Stat. 186.

## DISCUSSION

By way of background, the plaintiff initiated this action to challenge the denial by the defendant of an application for benefits under the Social Security Act. After counsel for the plaintiff, Mr. Cybriwsky, had filed a motion for summary judgment and memorandum, the defendant moved to remand under Sentence Four of 42 U.S.C. § 405(g). Counsel for the plaintiff then filed his motion for attorney's fees under EAJA. Subsequently, the plaintiff won a fully favorable administrative decision, and counsel applied for § 406(b) fees.

Turning first to the EAJA issue, counsel requests a total of $3,915.00, representing 26.10 hours of work at a requested rate of $150.00. Docket Entry No. 18. The defendant requests a reduction in the hourly rate from $150.00 to $125.00 per hour, and maintains that the fee should be made payable to the plaintiff, rather than to counsel. Consistent with its previous practice, see, e.g., Shirley Honaker v. Astrue, Lexington Civil Action No. 07-197 (July 30, 2008), the court continues to find that the statutory language requires that in the absence of an assignment attorney's

07-122  Deliliah K. Whisman

fees under EAJA be awarded to the plaintiff as the prevailing party, rather than to his attorney.

Regarding the hourly rate, counsel for the plaintiff recognizes that the court has not approved an increase beyond $125.00 per hour, but cites an increase in the cost of living since 1996.  Docket Entry No. 18-2, p. 3.  However, the court has consistently required a showing that the "prevailing market rate" is higher than $125.00 per hour, evidenced by rates actually billed and paid in similar lawsuits. Norman v. Housing Authority, 836 F.2d 1292, 1299 (11th Cir. 1988), citing Blum v. Stenson, 465 U.S. 886, 895-6 n. 11 (1984).  As no such documentary evidence has been submitted, the court finds that $125.00 per hour remains the maximum rate. Accordingly, the plaintiff will be awarded EAJA fees of $3,262.50.

Turning to the motion for fees under § 406(b), the parties agree that the plaintiff was awarded $38,096.00 in past due benefits, and 25 percent of this amount equals $9,524.50, which counsel for the plaintiff requests pursuant to a contingent fee agreement.  There is an additional issue in that the plaintiff was represented by another attorney, Stephen Calvert, at the administrative level.  The defendant asserts that Mr. Calvert has already been awarded $5,300.00 for his work at the administrative level under 42 U.S.C. § 406(a), leaving a maximum of $4,224.50 available for payment to Mr. Cybriwsky.  The Commissioner maintains that the combined attorney's fees for representation at the administrative level and

3

the district court level should not exceed 25 percent of past due benefits, a position

which the undersigned has previously rejected.  Rose v. Astrue, Pikeville Civil Action

No. 05-254-GWU (January 30, 2008).  Following the decision in Rose, two Circuit

Courts of Appeal have reached the same result.  Wrenn ex rel. Wrenn v. Astrue,

525 F.3d 931, 936-8 (10th Cir. 2008); Clark v. Astrue, 529 F.3d 1211, 1216-18 (9th

Cir. 2008).  Accord Horenstein v. Secretary of Health and Human Services, 35 F.3d

261, 262 (6th Cir. 1994) (en banc) ("[I]n cases where the court remands the case

back to the [Commissioner] for further proceedings, the court will set the fee--limited

to 25 percent of past due benefits--for the work performed before it, and the

[Commissioner] will award whatever fee the [Commissioner] deems reasonable for

the work performed on remand and prior administrative proceedings.")

The Commissioner argues that the factual situation in Horenstein was

dissimilar to the instant case, in that Horenstein concerned the issue of whether the

Commissioner could apply a 25 percent cap to attorney's fees awarded under §

406(a) for work at the administrative level.  In other words, the Commissioner

suggests that the above-quoted language is dicta.  Even if this were the case, the

undersigned finds the analysis of the statutory scheme set out by the Sixth Circuit

in this en banc decision, as well as in the Ninth and Tenth Circuit decisions, to be

persuasive.  While the Commissioner argues that such an interpretation could mean

that fully 50 percent of a claimant's past due benefits could be awarded in attorney's

07-122  Deliliah K. Whisman

fees (in the present case, the total is approximately 39 percent), and such would be poor public policy, the Commissioner also concedes that "Congress has neither explicitly approved nor prohibited such an outcome." Commissioner's Opposition to Plaintiff's Motion for Payment of Attorney Fee, Docket Entry No. 33, p. 11. As the Tenth Circuit noted in Wrenn, both the agency and the court are charged with ensuring the attorney fee is reasonable; the court went on to note the Supreme Court's language in Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002), that court review of § 406(b) awards is intended to be "an independent check, to assure that they yield reasonable results in particular cases." Thus, it appears that it is the responsibility of this court, rather than the defendant, to insure that the total fee yields a reasonable result.

In the present case, the plaintiff chose to employ different attorneys at the administrative and federal court levels, and entered into contingency fee agreements with both. As the undersigned noted in Rose, supra, and other cases, a person may have as many lawyers working on his case as he wishes, so long as he is willing to pay them. Oroshinik v. Schweiker, 569 F.Supp. 399, 400 (D.N.J. 1983). While deductions can be made from a contingent fee for improper conduct, ineffectiveness of counsel, or if the fee is so high as to constitute a windfall, the Sixth Circuit in Rodriquez v. Bowen, 865 F.2d 739 (6th Cir. 1989) held that a fee agreement stating that a party's attorney will be paid 25 percent of past due benefits

awarded should be afforded the weight given to a rebuttable presumption.  Id. at

746.  A calculation of a hypothetical hourly rate that is less than twice the standard

rate for such work in the relevant market provides a "floor, below which a district

court has no basis for questioning, under the second part of Rodriquez's windfall

rule for 'minimal effort expended,' the reasonableness of the fee."  Hayes v.

Secretary of Health and Human Services, 923 F.2d 418, 422 (6th Cir. 1991).

The contingent fee agreement signed by the plaintiff provides for an award

to Mr. Cybriwsky of 25 percent of past due benefits, or to "renumerate him for his

time expended . . . at a base [rate] of $325.00 per billable hour in federal appeals,"

with no fee to be paid unless the case is won.  Taking the $125.00 per hour

awarded in the EAJA petition as the "standard rate for such work in the relevant

market," the calculation produces an amount at the Rodriquez floor.  Multiplying the

26.10 hours allowed in the EAJA petition by $250.00 (twice the $125.00 base rate)

produces a total of $6,525.00.  Counsel would be entitled to at least $6,525.00,

more than the $4,224.50 urged by the Commissioner and less than the $9,558.20

urged by counsel for the plaintiff.  However, the $6,525.00 is only a minimum, "floor"

figure and the award can be adjusted upward at the district court's discretion, as

provided in Hayes, 923 F.2d at 423, n. 2.

The court notes that Rodriquez was cited with approval in Gisbrecht.  While

the Supreme Court did not expressly state that the two-multiplier factor was valid

07-122  Deliliah K. Whisman

or not valid, it endorsed the Sixth Circuit's view that a downward adjustment in fees is proper if the fee is large in comparison to the amount of time counsel spent on the case.  Id.  Besides Rodriquez, the Supreme Court cited McGuire v. Sullivan, 873 F.2d 974 (7th Cir. 1989), which recommends the following factors be considered where counsel seeks a full 25 percent contingency fee: The time and labor involved, the skill required, the amount involved, the experience and ability of the attorney, and awards in similar cases.  Id. at 938.  Another case cited by the Court notes that the district court should consider whether there was fraud or overreaching in making the contingent fee contract.  Wells v. Sullivan, 907 F.2d 367, 372 (2d Cir. 1990).

In the present case, there is clearly no allegation of fraud or other improper conduct on the part of Mr. Cybriwsky.  The Commissioner responded to his 19 page brief with a Motion for Entry of Judgment and to Remand in order for the Administrative Law Judge to reevaluate the medical evidence and, if necessary, prepare a comprehensive hypothetical question to the vocation expert including all of the claimant's credible limitations.  These were issues raised by counsel in his brief, and led to an award of benefits by the ALJ on remand.  The pivotal, successful analysis was already advanced by Mr. Cybriwsky before the case was returned to the administrative level.  In addition to presenting an excellent brief, counsel also expended over 23 hours on the case before it was returned to the administrative level, so the court cannot find that his efforts were in any way minimal or

07-122  Deliliah K. Whisman

disproportionate to the benefits derived.  Accordingly, the amount of the fee will be adjusted upward from the <u>Rodriquez</u> floor.

Accordingly,  IT IS HEREBY ORDERED that:

(1)    the Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, Docket Entry No. 18, is GRANTED in part and DENIED in part; the plaintiff is awarded EAJA fees in the amount of $3,262.50; and

(2)    the plaintiff's Motion for Payment of Attorney Fee Pursuant to 42 U.S.C. § 406(b)(1) is GRANTED; counsel for the plaintiff is awarded $9,524.50, subject to the $3,262.50 Equal Access to Justice Act award offset.

This the 10th day of December, 2008.

**Signed By:**

<u>**G. Wix Unthank**</u>

**United States Senior Judge**